O c t o b e r 5 , 1 9 9 5
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 95-1112

ANTONIO JOSE P. MOTTA,

Plaintiff, Appellee,

v.

DISTRICT DIRECTOR OF IMMIGRATION & NATURALIZATION SERVICES,

Defendant, Appellant.



ERRATA SHEET ERRATA SHEET

The opinion of this Court issued on August 8, 1995, is
amended as follows:

Page 2, line 12: Delete "INS's"

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 95-1112

ANTONIO JOSE P. MOTTA,

Plaintiff, Appellee,

v.

DISTRICT DIRECTOR OF IMMIGRATION & NATURALIZATION SERVICES,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge] 



Before

Selya, Circuit Judge, 

Campbell, Senior Circuit Judge, 

and Cyr, Circuit Judge. 



Charles E. Pazar, Attorney, Office of Immigration, Civil 
Division, with whom Frank W. Hunger, Assistant Attorney General, Civil 
Division, and Emily Anne Radford, Office of Immigration Litigation, 
Civil Division, United States Department of Justice, were on brief for
appellant.
Joseph S. Callahan for appellee. 



August 8, 1995


2

Per Curiam. Respondent-appellant, the District 

Director of the Immigration and Naturalization Service

("INS"), appeals from the judgment of the district court

regarding appellee Antonio Jose Pacheco Motta's petition for

writ of habeas corpus. Motta v. District Director, INS, 869 

F. Supp. 80, 98 (D. Mass. 1994). Facing imminent deportation

under 8 U.S.C. 1182(a)(2)(A)(I) (Supp. V 1994), Motta

petitioned for the writ, alleging that his right to Due

Process under the Fifth Amendment had been violated during

the course of his earlier deportation proceedings. Although

the district court did not order his release, it stayed his

deportation until the Board of Immigration Appeals ("BIA")

could issue a decision on Motta's pending motion to reopen

his deportation proceeding, and for ninety days thereafter to

permit review of that decision, if necessary, by the U.S.

Court of Appeals for the First Circuit. Id. The INS 

appealed. The BIA has not yet issued a decision.

During oral argument, we raised with counsel the

possibility that a settlement might be in the best interests

of both parties. Counsel for the INS indicated that the INS

might be willing to extend to Motta a temporary stay of

deportation comparable to that ordered by the district court

if the lower court decision establishing what the INS sees

as a dangerous and erroneous precedent were vacated.

Counsel for Motta indicated that this might be a desirable

-3- 3

resolution for his client as well, since it removes any risk

that this Court would agree with the INS and reverse the

district court's stay of deportation. At the end of

argument, we directed counsel to discuss a possible

settlement with their clients and to advise this Court within

10 days as to whether such an agreement would be possible.

The INS subsequently informed this Court that the INS would

stay Motta's deportation during the pendency of his appeal to

the BIA and for an additional ten days thereafter to afford

time to file a petition for review before the Court of

Appeals, if necessary. Motta's counsel has indicated that he

accepts the tendered INS stay.

There now being no actual controversy between the

two parties, we hold that this appeal is moot and vacate the

lower court's decision. United States v. Munsingwear, Inc., 

340 U.S. 36, 39-40 (1951). In vacating the lower court's

decision, we have taken pains to consider whether this appeal

falls within the Supreme Court's prohibition against vacatur

in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 

S. Ct. 386 (1994). We conclude that it does not. In

Bancorp, the Court held that "[w]here mootness results from 

settlement . . . , the losing party has voluntarily forfeited

his legal remedy by the ordinary processes of appeal or

certiorari, thereby surrendering his claim to the equitable

-4- 4

remedy of vacatur. The judgment is not unreviewable, but

simply unreviewed by his own choice." Id. at 392.  

Here, given the different posture of this case, the

equities plainly favor vacatur. The INS did not by its own

initiative relinquish its right to vacatur, as the petitioner

did in Bancorp. Rather, the INS has at all times sought to 

pursue its appeal; it has agreed to consider settlement only

at the suggestion of this Court, the proposed settlement

being an inexpensive, simple, and speedy way to accommodate

the interests of both parties. As the INS has not initiated

the relinquishment of its right to the remedy, the same

equitable calculus underlying Bancorp is not present. Nor, 

given this Court's involvement and initiative in the

proceedings, does vacatur in this case implicate the concerns

expressed by the Bancorp Court about giving parties undue 

control over judicial precedents. We see no appreciable harm

to the orderly functioning of the federal judicial system by

vacating judgment.

To be sure, it can be argued that depriving the

public and the judicial system of the precedential value of

the district court's opinion works a kind of harm. But we do

not believe that such a species of harm is entitled to take

priority over the parties' best interests. Placing the

former above the latter would be inequitable. This case

contrasts with the usual appeal, where vacatur is only one

-5- 5

consideration among others in a settlement. Here, the INS,

as a repeat player before the courts, is primarily concerned 

with the precedential effect of the decision below. If that

decision stands, all possibility of a settlement is

eliminated. If it is vacated, the appellee acquires the

absolute certainty of not being deported, while the

government saves the costs and risk of litigation a win

for both sides. It is true the Bancorp Court discusses and 

rejects the possible impact of its rule in discouraging

settlements. Id. at 393. But it does so in aggregate, 

saying in the end that "[w]e find it quite impossible to

assess the effect of our holding, either way, upon the

frequency or systemic value of settlement." In this case, by

contrast, the negative impact on settlement is absolutely

clear. We think this case presents "exceptional

circumstances" to which the Court referred in Bancorp.  

We accordingly vacate the district court's decision

and remand with directions to dismiss this suit as moot. We

also deny, as moot, the INS's pending motion for leave to

file a supplemental brief. Each party will bear its own

costs.

So ordered.  

-6- 6